|  |  |  |
|---|---|---|
| JERALD D. ALBRECHT, | : | UNITED STATES DISTRICT COURT |
|  | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | Hon. Garrett E. Brown |
|  | : | Civil Action No. 08-1103 (GEB) |
| -vs- | : |  |
| ROSEMARY PINTO, et al., | : | REPORT AND RECOMMENDATION |
| Defendants. | : |  |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon the Motion of Defendants Rosemary Pinto and Feldman & Pinto, P.C. (collectively, "Defendants") for an Order granting Summary Judgment in favor of Defendants for all claims brought by Plaintiff Jerald Albrecht ("Plaintiff" or "Mr. Albrecht"). The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Defendants' Motion, and considers Defendants' Motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, the Court recommends that Defendants' Motion be DENIED.

**I. Background**

Plaintiff's claims in this case arise from Defendants' previous representation of Plaintiff in an action against Correctional Medical Services and St. Francis Medical Center for allegedly intentionally and/or negligently depriving him medical care while he was incarcerated. *See* 03-2112 (AET) Doe v. NJDOC [hereinafter referred to as the "underlying case"] (Def.'s Mot. at 2.) Plaintiff had filed a pro-se complaint against Correctional Medical Services and St. Francis Medical Center. Some time thereafter, Plaintiff entered into a representation agreement with Defendants for representation in the underlying case. On January 2, 2006, Plaintiff terminated the representation.

In his Complaint against his former attorneys, Plaintiff asserts eight Counts: Count I - Intentional Fraud; Count II - Equitable Fraud; Count III - Breach of Contract; Count IV - Unconscionable Agreement; Count V - Attorney Malpractice; Count VI - Negligent Supervision; Count VII - Unjust Enrichment; and Count VIII - Quantum Meruit.  (Pl.'s Br. Opp'n Mot. Summ. J. at 3.)

## II.  Analysis

### A. Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986).

"Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  The burden on the moving party "may be discharged by 'showing'- that is, pointing out to the district court-that there is an absence of evidence to support the

2

nonmoving party's case." *Id.* at 325. Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold), cert. denied , 507 U.S. 912 (1993).

### B.  Court's Analysis

At the outset, the Court notes that pursuant to L.Civ. R. 56.1(a), "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute **shall be dismissed**...The movant **shall respond** to any such supplemental statement of disputed material facts [which may have been submitted by the opponent], with its reply papers." [emphasis added].

Defendants did not comply with the requirements of L.Civ. R. 56.1(a).  The only document which could possibly be construed as  the "Statement of Material Facts Not in Dispute" is the document entitled "Defendants Motion for Summary Judgement." [Docket Entry No. 8].  However, said document does not outline the facts not in dispute in separately numbered paragraphs.  Further,

there are no citations contained anywhere in the document, as required by the Local Rule. Plaintiff does provide a "Counter-Statement of Material Facts Not in Dispute," but Defendants fail to respond to said Counter-Statement in their Reply papers, also in violation of the Local Rule. Therefore, pursuant to the language of L.Civ. R. 56.1(a), Defendants's Motion for Summary Judgment would be dismissed on this ground alone. However, for the sake of a completeness, the Court will conduct Its full analysis under the summary judgment standard.

### Counts I and II: Intentional Fraud and Equitable Fraud

In support of their Motion for Summary Judgment on Counts I and II, Defendants state that "Counts I and II sound in fraud...Plaintiff has failed to identified [*sic*] what evidence, if any, existed which would have resulted in a jury verdict in his favor in the underlying action and has failed to offer any proposed expert witness discovery or reports which would support this contention...Furthermore, there is no expert discovery and/or report to support any of the allegations of professional malpractice...Without such evidence and expert reports the Plaintiff cannot sustain his burden of proof for his claims as set forth in Counts I [and] II." (Def.'s Mot. at 4-5.) In further support of their Motion for Summary Judgment, Defendants state:

> Plaintiff's claims for fraud in Counts I and II must similarly fail. Plaintiff alleges that but for the Defendants' fraud and depriving him of services promised he would have been able to litigate the underlying action and he would have had a favorable verdict of over $1,000,000. Again, in order to prove he was damaged as claimed he would need expert reports from an Attorney to support his claims that but for the alleged fraud he would have prevailed in the underlying case. He would also need expert reports from medical experts to support his claims of injury from medical malpractice in the underlying case. Plaintiff has not provided any evidence to meet that burden of proof and his claims should be summarily dismissed.

4

(Def. Br. at 9.) In its Reply, Defendants state that "Counts I [and] II...in the plaintiff's complaint are all claims for legal malpractice." (Def. Reply at 1.)

The above-quoted material constitutes Defendants' entire argument in support of its Motion for Summary Judgment with regard to Counts I and II. Defendants assert that Count I and II of Plaintiff's complaint "are claims for legal malpractice," however, Counts I and II of Plaintiff's Complaint are for fraud and Defendants offer no support for their contention that the Counts are in fact legal malpractice. Further, Defendants do not offer any case law or legal support for its contention that Plaintiff "would need expert reports from an Attorney" to support his claims and he would also need "expert reports from medical experts to support his claims of injury" in the underlying case. It is presumed from Defendants' conclusory statements that Defendants intend for the law cited with regards to legal malpractice standards to apply to Counts I and II. However, Defendants do not state such nor give any explanation why this would be the case. Defendants have not met their burden to show that there is no genuine issue as to any material fact and therefore, it is hereby RECOMMENDED that Defendants' Motion for Summary Judgment with regards to Counts I and II be DENIED.

### Counts III and IV: Breach of Contract and Unconscionable Agreement

According to Defendants' moving papers, "Counts III and IV named Breach of Contract and Unconscionable Agreement respectively are nothing more than a restatement of Counts I and II with the exception that [Plaintiff] only demands the $20,000 retainer as damages. The claims are essentially negligence counts couched as Contract claims. Counts III and IV suffer the same fatal flaws as Counts I, II, V and VII." (Def.'s Mot. at 4-5.)

Defendants further state that "Counts III and IV named Breach of Contract and

Unconscionable Agreement respectively are nothing more then [*sic*] a restatement of Counts I and II with the exception that Plaintiff only demands $20,000.00 retainer as damages. The claims are essentially negligence claims couched as with [*sic*] Contract labels. Counts III and IV suffer the same fatal flaws as Counts I, II, V and VII." (Def.'s Br. at 9.) Defendant further states "Counts I, II, III, IV, V, and VI in the plaintiff's complaint are all claims for legal malpractice. The defendant [*sic*] has not submitted sufficient evidence to allow these claims to be presented to a jury." (Def.'s Reply at 1.)

The above-quoted material constitutes Defendants' entire argument in support of its Motion for Summary Judgment with regard to Counts III and IV. Defendants assert that Count III and IV of Plaintiff's complaint "are claims for legal malpractice" however, Counts III and IV of Plaintiff's Complaint are for breach of contract and unconscionable agreement and Defendants offer no support for their contention that the Counts are in fact legal malpractice. Further, Defendants do not offer any case law or legal support for its contention that "these claims are essentially negligence claims" and that "Counts III and IV suffer the same fatal flaws as Counts I, II, V and VII." It is presumed from Defendants' conclusory statements that Defendants intend for the law cited with regards to legal malpractice standards to apply to Counts III and IV. However, Defendants do not state such. Defendants have not met their burden to show that there is no genuine issue as to any material fact and therefore it is hereby RECOMMENDED that Defendants' Motion for Summary Judgment with regards to Counts III and IV be DENIED.

### Counts V and VI: Attorney Malpractice and Negligent Supervision

In support of their Motion for Summary Judgment on Counts V and VI, Defendants state that:

> Counts V and VI are malpractice/negligence claims and allege damage claims in the amount of $1,000,000.00 which Plaintiff contends would have been the jury verdict had he had evidence which has not been identified in the pleadings and or discovery.  Plaintiff has failed to identified [*sic*] what evidence, if any, existed which would have resulted in a jury verdict in his favor in the underlying action and has failed to offer any proposed expert witness discovery or reports which would support this contention...Furthermore, there is no expert discovery and/or report to support any of the allegations of professional malpractice...Without such evidence and expert reports the Plaintiff cannot sustain his burden of proof for his claims as set forth in Counts...V and VI.

(Def.'s Mot. at 4-5.)  Defendants further state that "to establish legal malpractice, a plaintiff must show: '(1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of that duty; and (3) proximate causation.' *Conklin v. Hannoch Weisman*, P.C., 145 N.J. 395, 416, 678 A.2d 1060 (1996)..." (Reply at 8.)  Defendants further state that "as 'the duties a lawyer owes his client are not known by the average juror, expert testimony must necessarily set forth that duty and explain the breach.' *Stoeckel v. Twp. of Knowlton*, 387 N.J. Super. 1, 4 (App. Div.)..." (*Id.*)  Defendants further argue that "Plaintiff's burden is to prove by a preponderance of the evidence that but for the malpractice or other misconduct, '(1) he would have recovered a judgment in the action against the main defendant, (2) the amount of that judgment, and (3) the degree of collectibility of such judgment.' [citation omitted.]" (*Id.*) Defendants further argue that "Plaintiff has no expert reports from an Attorney that support his claims that the Defendants breached any duty of care to the Plaintiff.  Nor does the Plaintiff have any expert reports from any medical experts to support his claims of injury from medical malpractice in the underlying case. Lastly, Plaintiff has no proof whatsoever that any conduct by the Defendants caused him harm" (*Id.* at 8-9.)  Defendants further argue that Plaintiff has to provide "expert testimony from an attorney

that the defendants breached the standard of care and that the breach caused plaintiff's damages. The affidavits provided do not address these issues. Therefore summary judgement should be granted on these counts." (Reply at 1.)

In Opposition, Plaintiff argues that though normally, attorney malpractice claims must be supported by expert testimony, expert testimony is not required where the attorney's duty of care "is so basic that it may be determined by the court as a matter of law." *Brizak*, 239 N.J. 164 (1990). (Opp. at 24.) Plaintiff further argues that he has presented an expert report to support his claims on Count V, but he acknowledges that "although the expert report prepared by Attorney Bruce Afran concluded that Ms. Pinto failed to exercise the skill and care required with regard to several acts and omissions, he did not reach the question as whether or not the lost evidence proximately caused an adverse verdict at trial in the [underlying] case. Plaintiff is currently in the process of having his case reviewed by another expert and anticipates being able to present expert testimony at trial on the subject." (*Id.* at n.11.)

There is currently no deadline for the submission of expert reports in this matter and therefore Plaintiff still has an opportunity to provide a sufficient and complete expert report to Defendants. Therefore, it is RECOMMENDED that Defendants's Motion for Summary Judgment regarding Counts V and VI be DENIED WITHOUT PREJUDICE at this time. The remaining schedule shall be set following the District Court's consideration of this Report and Recommendation.

### Count VII: Unjust Enrichment

In support of their Motion for Summary Judgment on Count VII, Defendants state that:

> Count VII is a claim for unjust enrichment wherein the Plaintiff challenges the amounts billed for specific services and claims Defendants were fraudulent in there [*sic*] billing practices. Defendant

> [*sic*] makes [*sic*] once again has not produced any evidence that the bills for services to the Plaintiff were not appropriate. Here again Defendant [*sic*] needs at minimum an expert to establish what work and time would be required to accomplish the tasks Plaintiff calls into question. The Defendants [*sic*] allegations that Defendants billed Plaintiff for work not actually performed is not supported by any evidence whatsoever.

(Def. Br. at 10.)

Defendants do not offer any case law or legal support for its contention that "Here again the Defendants need at a minimum an expert to establish what work and time would be required to accomplish the task Plaintiff calls into question." (*Id.*) Further, it is not even clear to the Court based on the language used by Defendants in the above quoted text whether Defendants are arguing that they themselves need to provide an expert or whether Defendants believe Plaintiff must provide an expert. Though the initial burden on the moving party to show that there is no genuine issue of material fact may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case, Plaintiff has provided evidence sufficient to satisfy the Court that genuine issues of material fact remain. Specifically, in his Counter-Statement of Material Facts, Plaintiff states that "Plaintiff was the person who prepared the pleadings and briefs, in accordance with the agreement reached on 7/21/05, and that defendant Pinto essentially scanned those briefs verbatim, and then falsely claimed that they were prepared by her firm. No expert is needed for a jury to conclude that Plaintiff was falsely charged $5,362 for this work." (Pl.'s Counter-statement of Material Facts ¶19(d).) Further, in his Declaration, Plaintiff states that "On January 4, 2006, I wrote Ms. Pinto requesting a complete accounting of costs and demanding that any remaining funds be returned to my father's attorney, Jean Ross, Esquire. (Pa107). The accounting of costs was sent to me on April 12, 2006. (Pa108). It reflected a balance of $1,797.50. (Pa111). The balance

was never returned to me." (Albrecht Cert. ¶71.)   Therefore, the Court finds that Defendants have not met their burden to show that there is no genuine issue as to any material fact and it is hereby RECOMMENDED that Defendants' Motion for Summary Judgment with regards to Count VII be DENIED.

### Count VIII: Quantum Meruit

Defendant argues that "as to Count VIII...Defendants again believe that the Plaintiff cannot meet his burden of proof.  Defendant [*sic*] has failed to produce any evidence to establish that the firm benefitted from any information provided by Plaintiff...Notwithstanding the lack of proof the Defendants are willing to pay this claim if it will avoid further attorney hours in litigating this frivolous lawsuit and assuming [*sic*] all other claims are dismissed." (*Id.* at 10.)  Defendants further argue that "no materials provided by plaintiff were used in any other litigation handled by defendant, and plaintiff has not submitted any evidence to support this assertion.  Moreover even if something had been used it would not support this claim [because] there would be nothing unethical or unjust about using such materials, if they were not confidential, in other litigation." (Reply at 2.)

"To recover on the theory of quasi-contract the plaintiffs must prove that defendant was enriched, Viz., received a benefit, and that retention of the benefit without payment therefor would be unjust."  *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 335 (N.J.Super.A.D. 1966). "The duty which thus forms the foundation of a quasi-contractual obligation is frequently based on the doctrine of unjust enrichment. It rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another, and on the principle of whatsoever it is certain a man ought to do, that the law supposes him to have promised to do."  *Id.*

Plaintiff has alleged that he provided a substantial amount of documents to Defendants which

10

Defendants used in preparation for another case in which they were participating, *Bennett v. Correctional Medical Services*, 02-4993. (Albrecht Decl. ¶¶ 38, 40 & 42.) Plaintiff has provided sufficient evidence for the Court to conclude that there are genuine issues of material facts and therefore, it is hereby RECOMMENDED that Defendants Motion for Summary Judgment on Count VIII be DENIED.

### III. Conclusion

Defendants failed to provide a statement of material facts not in dispute and therefore, pursuant to L.Civ. R. 56.1(a), Defendants' Motion must be denied on this ground alone. Additionally, Defendants failed to meet their burden to establish that there are no genuine issues of material fact. Therefore, it is RECOMMENDED that Defendants' Motion for Summary Judgment be DENIED.

**Dated: August 14, 2009**

                                                s/Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**